## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WEB 2.0 TECHNOLOGIES LLC,** | |
| **Plaintiff,** | **Civil Action No. _____** |
| **v.** | |
| **FORMAGRID INC., D/B/A AIRTABLE,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Web 2.0 Technologies, LLC. ("Web 2.0 Technologies" or "Plaintiff") files this Complaint against Defendant Formagrid Inc., d/b/a Airtable ("Defendant" or "Airtable"), seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.      Plaintiff Web 2.0 Technologies LLC ("Web 2.0 Technologies") is a Texas limited liability corporation with its principal place of business at 5900 Balcones Dr., Ste 100, Austin, TX 78731-4298.

3.      Plaintiff Web 2.0 Technologies is the owner by assignment of 100% interest in the Asserted Patents.

- 1 -

4.   On information and belief, Defendant Formagrid Inc., d/b/a Airtable ("Airtable") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 799 Market Street Floor 8, San Francisco, CA 94103.  Airtable is a Delaware corporation and may be served with process through its California registered agent (1505 Corporation 538, CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr Ste 150N, Sacramento, CA  95833) or its Delaware registered agent (Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808).

## JURISDICTION AND VENUE

5.   This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

6.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.   Defendant Airtable is subject to this Court's general personal jurisdiction. Airtable is a Delaware corporation.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760 (2014) ([T]he place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction'") (internal citations omitted).

8.   Defendant Airtable is additionally subject to this Court's general and specific personal jurisdiction because Airtable has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute, Del. Code. Ann. Tit. 3, § 3104.  On information and belief, Defendant Airtable contracted with one or more Delaware residents in this District and one or both parties performed the contract at least in part in the State of Delaware and this District; Airtable committed the tort of patent infringement in the State of Delaware and this District; Airtable purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District; Airtable regularly conducts and

solicits business within the State of Delaware and within this District; Plaintiff's causes of action arise directly from Airtable's business contacts and other activities in the State of Delaware and this District; and Airtable distributes, makes available, imports, sells and offers to sell products and services throughout the United States, including in this judicial District, and introduces infringing products and services that into the stream of commerce knowing that they would be used and sold in this judicial district and elsewhere in the United States.

9.     On information and belief, Defendant Airtable designs, develops, sells, offers to sell, and/or imports products, devices, systems, and/or components of systems through certain accused instrumentalities that either infringe or support the infringement of the patents asserted in this action.

10.    On information and belief, Airtable sells and offers to sell products and services throughout the United States and in Delaware, including in this District, through the accused instrumentalities, through its website accessible in the United States, and in concert and partnership with third parties.

11.    Furthermore, personal jurisdiction over Airtable in this action comports with due process.  Airtable has conducted and regularly conducts business within the United States and this District.  Airtable has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Delaware and this District.  Airtable has sought protection and benefit from the laws of the State of Delaware by making available products and services that infringe the Asserted Patents with the awareness and/or intent that they will be used (or visited) by consumers in this District.  Having purposefully availed itself of the privilege of conducting business within this District, Airtable should reasonably and fairly anticipate being brought into court here.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).  On information and belief, Airtable is a Delaware corporation. On information and belief, Airtable's acts of infringement have taken place within this District.

13.     Additionally, Airtable —directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, and/or sells its products and services in the United States and this District.  Airtable has purposefully and voluntarily placed one or more of its products into the stream of commerce through the accused instrumentalities that infringe the patents asserted in this action with the awareness and/or intent that they will be purchased by consumers in this District.  Airtable knowingly and purposefully delivers infringing products into, and within, this District.  These infringing products have been, and continue to be, purchased by consumers and businesses in this District.

## THE ASSERTED PATENTS

14.     On March 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6.845,448 ("the '448 Patent"), entitled "Online Repository for Personal Information."  A copy of the '448 Patent is attached hereto as Exhibit 1.

15.     Plaintiff owns all substantial right, title, and interest in the '448 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

16.     On February 14, 2012, the USPTO duly and legally issued U.S. Patent No. 8,117,644 ("the '644 Patent"), entitled "Method and System for Online Document Collaboration."  A copy of the '644 Patent is attached hereto as Exhibit 2.

17.     Plaintiff owns all substantial right, title, and interest in the '644 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,845,448

18.     Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

19.     The '448 Patent is directed to a method and system for gathering, storing personal information on a server computer and releasing such information to authorized requesters, as described and claimed in the '448 Patent.

20.     Defendant has had actual knowledge of the '448 Patent and that its activities constitute infringement of the same at least since on or about June 15, 2021—the date on which Defendant received notice from Plaintiffs that such activities infringed the '448 Patent.

21.     Defendant has and continues to directly and jointly (e.g., with its users and customers) infringe at least Claim 1 of the '448 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, applications to provide a method for automatically sharing portions of personal information with authorized invited members via products offered by Airtable on its website (hereinafter, the "'448 Accused Instrumentalities") as shown below, for example:

22.     The '448 Accused Instrumentalities establishes an account for all users—including the first party—on Airtable's server computer, as shown below:



*See, e.g.,*  https://www.airtable.com/pricing (last visited Jan. 05, 2023).



*See, e.g.,* https://support.airtable.com/docs/account-page-overview (last visited Jan. 05, 2023).

23.     The '448 Accused Instrumentalities assign an identifier (name, email, or user ID) for all users—including the first party—as shown below.



*See, e.g.*, https://support.airtable.com/docs/users-airtable-enterprise-admin-panel (last visited, Jan. 06, 2023).

Airtable issues a "cookie" to record authentication information for the duration of a specific session. *See id.*



> - *Functionality-Related.* We may use Cookies that allow us to offer you enhanced functionality when accessing or using our Service, including, for example, identifying you when you sign into our Service or keeping track of your specified preferences, interests, or past items viewed;

*See, e.g.*, https://www.airtable.com/cookie-policy (last visited, Jan. 06, 2023).

The session cookie stores a unique user ID for each user.

| | airtable.com | __zlcmid | First Party | Store a unique user ID |
|---|---|---|---|---|

*See, e.g.*, https://airtable.com/shrFlHNunBVYxVram/tbl7lUeYwgaPX1cBR (last visited, Jan. 06, 2023).

24.     The '448 Accused Instrumentalities allow the entering of the first party's information—including a plurality of information objects such as name, manager, job title, "personality + values", "work pattern," and "fun facts."



*See, e.g.*,

https://airtable.com/shrwhgxxhyB8Rstxd/tblsN58fsNOEpmBR8/viwhb2pTySClekpmY (last visited, Jan. 06, 2023)

25.     The '448 Accused Instrumentalities perform a method that includes assigning, by the first party, at least one of a plurality of security levels to each information object at any

granularity, thereby enabling access to individually selected portions of the first party's personal information by individual receiving parties.

26.     For example, the Airtable platform sets access permissions at the workspace or base level, enabling the first party to control who has access to a workspace or base, and whether—once granted access—they can modify the workspace or base.

**Product security**

Within the Airtable product, collaborator permissions can be managed at the workspace level or the base level. These permissions allow you to control who you share a workspace or base with and whether they can modify the workspaces or bases that you've shared with them. Airtable also enables you to restrict access to a base or view share link with a password or with an email domain.

*See, e.g.,* https://www.airtable.com/security (last visited, Jan. 5, 2023).

**Permissions overview**

🗒 Updated on 09 Nov 2022 • 🕐 3 Minutes to read                    🖨 Print  🌙 Dark

Airtable collaborators can be given specific permissions that determine what they can and cannot edit in a workspace or base. Permissions are an important part of healthy team collaboration : with the right permissions, you can ensure that only certain people are permitted to change the information in your bases. This article outlines the different actions that can be taken by collaborators on each permissions level.

*See, e.g.,* https://support.airtable.com/docs/permissions-overview (last visited, Jan. 5, 2023).



*See, e.g.,* https://support.airtable.com/docs/adding-a-workspace-collaborator (last visited, Jan. 5, 2023).

27. Airtable also permits the first party to assign a "read-only view" to any individual record, where the second party will see only the contents visible in the specified view, and not any other records.



See, e.g., https://support.airtable.com/docs/sharing-a-portion-of-a-base (last visited, Jan. 5, 2023).

28. The '448 Accused Instrumentalities store in Airtable's database the first party identifier (user name), and the associated permissions (security level) including the first party's organization roles and project access assigned to each information object, as shown below.

**Permissions overview**

Updated on 09 Nov 2022 • 3 Minutes to read       🖨 Print  🌙 Dark

Airtable collaborators can be given specific permissions that determine what they can and cannot edit in a workspace or base. Permissions are an important part of healthy team collaboration : with the right permissions, you can ensure that only certain people are permitted to change the information in your bases. This article outlines the different actions that can be taken by collaborators on each permissions level.

See, e.g., https://support.airtable.com/docs/permissions-overview (last visited, Jan. 5, 2023).



*See, e.g.,* https://support.airtable.com/docs/adding-a-workspace-collaborator (last visited, Jan. 5, 2023).



*See, e.g.,* https://support.airtable.com/docs/viewing-and-changing-permissions (last visited, Jan. 06, 2023) (instructing users on how to view and change permissions stored in the Airtable platform).

29.      The '448 Accused Instrumentalities receive a request, said request comprising at least the first party identifier.  For example, the '448 Accused Instrumentalities receive a request to view a specific record based on the first party identifier "Katharyn Albritton."



*See, e.g.,*

https://airtable.com/shrwhgxxhyB8Rstxd/tblsN58fsNOEpmBR8/viwhb2pTySClekpmY/recu1eq

HZASJLJXaW?blocks=hide (last visited, Jan. 06, 2023).

30.      The '448 Accused Instrumentalities perform selecting a first portion of the first

party's personal information objects that could be transmitted to a second party in response to the

request.  For example, in response to the request, for "Katharyn Albritton," the '448 Accused

Instrumentalities selects, transmits, and displays the first party's personal information objects to

the second party.



*See, e.g.,*

https://airtable.com/shrwhgxxhyB8Rstxd/tblsN58fsNOEpmBR8/viwhb2pTySClekpmY/recu1eq

HZASJLJXaW?blocks=hide (last visited, Jan. 06, 2023).

      31.     The '448 Accused Instrumentalities securely transmit the retrieved first portion of

personal information objects to the second party.  For example, the '448 Accused

Instrumentalities transmit all information between users and the Airtable website and apps using

256-bit TLS encryption.

## Network and system security

When you visit the Airtable website or use one of the Airtable apps, the transmission of information between your device and our servers is protected using 256-bit TLS encryption. At rest, Airtable encrypts data using AES-256.

*See, e.g.*, https://www.airtable.com/security (last visited, January 6, 2023).

      32.     The '448 Accused Instrumentalities obtain a second party identifier.  For

example, to enable user permissions, the '448 Accused Instrumentalities obtain the second party

identifier to determine whether the user has access to particular sets of data.

## Permissions overview

📅 Updated on 09 Nov 2022 • ⏱ 3 Minutes to read

🖨 Print   🌙 Dark

Airtable collaborators can be given specific permissions that determine what they can and cannot edit in a workspace or base. Permissions are an important part of healthy team collaboration : with the right permissions, you can ensure that only certain people are permitted to change the information in your bases. This article outlines the different actions that can be taken by collaborators on each permissions level.

*See, e.g.,* https://support.airtable.com/docs/permissions-overview (last visited, Jan. 5, 2023).

33.     The '448 Accused Instrumentalities record all internal systems access by every user in audit logs, including whether a request for information failed due to lack of authorization.

### JSON Attributes

- **enterprise_account_id** - The enterprise account ID that the action was done under.
- **originating_user_id** - The user that made the action.
- **api_name** - Whether the action was a Web API action (Web_API) or done in our UI / apps (PRIVATE_API).
- **api_version** - The version of the API.
- **action_id** - An internal action ID. This is useful to include when sending bug reports to Airtable.
- **client.ipaddress** - The IP address of the client making the request.
- **context.workspaceid** - The workspace ID the action was made under, if applicable.
- **context.applicationid** - The base ID the action was made under, if applicable.
- **context.tableid** - The table ID the action was made under, if applicable.
- **request.requestid** - The internal request ID. This is useful to include when sending bug reports to Airtable.
- **request.starttime** - The time of the action.
- **request.modelclassname** - The model that was being acted upon. Expected values: workspace, application, table, view, column, row.
- **request.modelid** - The model ID that was being acted upon.
- **request.action** - The action name.
- **request.parametersjson** - The request parameter values included in the action. The shape and contents of this object will vary depending on the action name.
- **response.success** - Boolean response that indicates whether the action succeeded or not.
- **response.message** - An error message is included if the response was not successful.

*See, e.g.*, https://support.airtable.com/docs/how-to-access-enterprise-audit-logs (last visited, Jan. 06 2023).

34.     On information and belief, to enable user permissions discussed *supra* Airtable must reject the second party's request for information where the second party is not authorized.

35.     Attached hereto as Exhibit 3, and incorporated by reference herein, is a claim chart detailing how the '448 Accused Instrumentalities satisfy each element of at least independent claim 1 of the '448 patent, literally or under the doctrine of equivalents.

36.     Discovery is expected to uncover the full extent of Defendant's infringement of the '448 Patent beyond the '448 Accused Instrumentalities already identified through public information.

37.     Defendant has directly and jointly infringed the '448 Patent and is thus liable for direct and joint infringement of the '448 Patent pursuant to 35 U.S.C. § 271.

38.     Plaintiff has suffered, and continue to suffer, damages as a result of Defendant's infringement of the '448 Patent.

39.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case.  Plaintiff shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '448 Accused Instrumentalities infringe the '448 Patent.  Plaintiff intends only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 8,117,644

40.     Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

41.     The '644 Patent is directed to method and system for online document collaboration, as described and claimed in the '644 Patent.

42.     Defendant has had actual knowledge of the '644 Patent and that its activities constitute infringement of the same at least since on or about June 15, 2021—the date on which Defendant received notice from Plaintiffs that such activities infringed the '644 Patent.

43.     Defendant has and continues to directly and jointly (e.g., with its users and customers) infringe at least Claim 1 of the '644 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing in or into the United States, without authority, applications that facilitate secure collaboration on editing, viewing and sharing documents online with multiple parties, including, without limitation, collaboration products such as Airtable's platform "where teams can use shared data to build their own apps, connecting work and teams across the organization"—including but not limited to its constituent "views", "sync," and "reporting" functionality and content offered for sale and use via https://www.airtable.com (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant (hereinafter, the "'644 Accused Instrumentalities"), as shown below:



*See e.g.,* https://www.airtable.com (last visited Jan. 5, 2023).

44.     The '644 Accused Instrumentalities allows for multiple users to establish an

account on its website over the internet.  For example, an Airtable user can collaborate with

unlimited users, each with an account on Airtable's server(s).



*See, e.g.,* https://www.airtable.com/pricing (last visited Jan. 05, 2023).

*See, e.g.,* https://support.airtable.com/docs/account-page-overview (last visited Jan. 05, 2023).

45.     The '644 Accused Instrumentalities allows for a ("first user") to create and store

documents, including multiple "bases," "workspaces," "views," and "tables," among other

document types.

FILED UNDER

**Get started with Airtable**

TOPICS

- Quick start: Get started in 10 minutes

- Step 1: Create your first base

- Step 2: Add your data to your fields (columns)

- Step 3: Fill in your records (rows)

- Step 4: Group, sort and filter

- Step 5: See your data in another view

- Step 6: Bring your team along

- Recap

*See, e.g.,* https://www.airtable.com/guides/start/how-to-create-a-base (last visited, January 5, 2023).

46.     The '644 Accused Instrumentalities associates a set of access restrictions with the document, including an ability to access the document by modification by one of a first group of users.  For example, the Airtable platform sets access permissions at the workspace or base level, enabling the first user to control who has access to a workspace or base, and whether—once granted access—they can modify the workspace or base.

**Product security**

Within the Airtable product, collaborator permissions can be managed at the workspace level or the base level. These permissions allow you to control who you share a workspace or base with and whether they can modify the workspaces or bases that you've shared with them. Airtable also enables you to restrict access to a base or view share link with a password or with an email domain.

*See, e.g.,* https://www.airtable.com/security (last visited, Jan. 5, 2023).



*See, e.g.,* https://support.airtable.com/docs/permissions-overview (last visited, Jan. 5, 2023).



*See, e.g.,* https://support.airtable.com/docs/adding-a-workspace-collaborator (last visited, Jan. 5, 2023).

47.    The '644 Accused Instrumentalities allows a second user to request to modify the document, whether the document(s) in question are "bases," "workspaces," "views," or "tables." For example, a once an Airtable user has been granted access to a base, they may request to modify the base, or a record the board contains.

**Base actions**

| | Owner/Creator | Editor | Commenter | Read-Only |
|---|---|---|---|---|
| **General actions** | | | | |
| Access/view the entire base at your assigned permission level | ✅ | ✅ | ✅ | ✅ |
| Invite users at or below your permission level | ✅ | ✅ | ✅ | ✅ |
| Create or remove a view share link | ✅ | ✅ | | |
| Create or remove a base collaborator invite link | ✅ | | | |
| Rename the base | ✅ | | | |
| **Record actions** | | | | |
| Comment on records | ✅ | ✅ | ✅ | |
| Add, delete, modify records | ✅ | ✅ | | |
| **View actions** | | | | |
| Add, delete, modify views | ✅ | ✅ | ✅ personal views only | |

*See, e.g.,* https://support.airtable.com/docs/permissions-overview (last visited, Jan. 5, 2023).

In each case, the user must log into the Airtable server using their identification information, which accompanies their request to modify the document.



*See, e.g.,* https://support.airtable.com/docs/account-page-overview (last visited, Jan. 5, 2023).

48.     The '644 Accused Instrumentalities verifies the identity of the second user by use of a unique user name, as well as forms-based authentication (username and password).

**Account page overview**

Updated on 24 Aug 2022 · 1 Minute to read                         🖨 Print   🌙 Dark

Your account page contains information specific to you—like your password, the email address associated with your account, the number of credits you have, and your API key. If you're an owner of any workspaces, your account page also gives you easy access to manage the settings (including billing) of those workspaces, as well as workspace and base collaborators.

*See, e.g.*,  https://support.airtable.com/docs/account-page-overview (last visited, Jan. 06, 2023).

Airtable also issues a "cookie" to record authentication information for the duration of a specific

session.  *See id.*

- *Functionality-Related.* We may use Cookies that allow us to offer you enhanced functionality when accessing or using our Service, including, for example, identifying you when you sign into our Service or keeping track of your specified preferences, interests, or past items viewed;

*See, e.g.*,  https://www.airtable.com/cookie-policy (last visited, Jan. 06, 2023).

- *Functionality-Related.* We may use Cookies that allow us to offer you enhanced functionality when accessing or using our Service, including, for example, identifying you when you sign into our Service or keeping track of your specified preferences, interests, or past items viewed;

*See, e.g.*, https://airtable.com/shrFlHNunBVYxVram/tbl7lUeYwgaPX1cBR (last visited, Jan. 06, 2023).

49.     The '644 Accused Instrumentalities has highly customizable permissions whereby the platform permits the second user to modify the document based upon their individual access rights.

## Base actions

| | Owner/Creator | Editor | Commenter | Read-Only |
|---|---|---|---|---|
| **General actions** | | | | |
| Access/view the entire base at your assigned permission level | ✅ | ✅ | ✅ | ✅ |
| Invite users at or below your permission level | ✅ | ✅ | ✅ | ✅ |
| Create or remove a view share link | ✅ | ✅ | | |
| Create or remove a base collaborator invite link | ✅ | | | |
| Rename the base | ✅ | | | |
| **Record actions** | | | | |
| Comment on records | ✅ | ✅ | ✅ | |
| Add, delete, modify records | ✅ | ✅ | | |
| **View actions** | | | | |
| Add, delete, modify views | ✅ | ✅ | ✅ personal views only | |

*See, e.g.,* https://support.airtable.com/docs/permissions-overview (last visited, Jan. 5, 2023).

50.     The '644 Accused Instrumentalities permits receiving "approval or disapproval" for modifications. Airtable's built-in version control enables receiving approval or disapproval for the modifications from one or more users.

## Record-level revision history overview

📋 Updated on 22 Aug 2022 • 🕐 1 Minute to read                    🖨 Print   🌙 Dark

Record-level revision history is an overview of the changes made to each record over time. You can see the record-level revision history inside each record's activity feed when a record is expanded (click here to learn how to expand a record). If you look in the revision history, you can see which user made which changes, when.

*See, e.g.,* https://support.airtable.com/docs/record-level-revision-history-overview (last visited, Dec. 20, 2022).



*See, e.g.,* https://support.airtable.com/docs/record-level-revision-history-overview (last visited, Jan. 5, 2023).  Airtable also enables users to setup their base to streamline the inherent approval/disapproval process.



*See, e.g.,* https://blog.airtable.com/reviews-approvals-in-airtable/ (last visited, Jan. 5, 2023).

51.     The '644 Accused Instrumentalities, stores the identifying information of one or more users who approved or disapproved of modifications to the document.  Airtable's built-in revision control enables stores identifying information of users who edited or revised the document, including approving or disapproving of any such modifications.



**Record-level revision history overview**

📅 Updated on 22 Aug 2022 · ⏱ 1 Minute to read          🖨 Print   🌙 Dark

Record-level revision history is an overview of the changes made to each record over time. You can see the record-
level revision history inside each record's activity feed when a record is expanded (click here to learn how to expand
a record ). If you look in the revision history, you can see which user made which changes, when.

*See, e.g.,* https://support.airtable.com/docs/record-level-revision-history-overview (last visited,

Dec. 20, 2022).

*See, e.g.,* https://support.airtable.com/docs/record-level-revision-history-overview (last visited,

52.     Attached hereto as Exhibit 4, and incorporated by reference herein, is a claim

chart detailing how the '644 Accused Instrumentalities satisfy each element of at least

independent claim 1 of the '644 patent, literally or under the doctrine of equivalents.

53.     Discovery is expected to uncover the full extent of Defendant's infringement of

the '644 Patent beyond the '644 Accused Instrumentalities already identified through public

information.

54.     Defendant has directly and jointly infringed the '644 Patent and is thus liable for

direct and joint infringement of the '644 Patent pursuant to 35 U.S.C. § 271.

55.     Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's

infringement of the '644 Patent.

56.     Plaintiff reserves the right to modify its infringement theories as discovery

progresses in this case.  Plaintiff shall not be estopped for purposes of its infringement

contentions or its claim constructions by the foregoing discussions on how the '644 Accused Instrumentalities infringe the '644 Patent. Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

a.     A judgment that Defendant has directly and jointly infringed one or more claims of each of the Asserted Patents;

b.     A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

c.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees.

d.     A judgment awarding Plaintiff such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

Dated: January 13, 2023

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*
*Web 2.0 Technologies, LLC*